IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, DAYTON

| | |
|---|---|
| AT&T CORP, a New York Corporation, ) | CASE NO. 3:19-CV-00192 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE RICE |
| v. ) | |
| ) | |
| J & J SCHLAEGEL, INC. ) | |
| ) | |
| Defendant. ) | |

## STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order, Plaintiff AT&T Corp ("AT&T"), and Defendant J & Schlaegel, Inc. ("J&J") (with AT&T and J&J collectively constituting the "Parties"), hereby agree as follows:

1. **Scope.** All disclosures, affidavits, and declarations, and exhibits thereto; deposition testimony and exhibits; discovery responses; documents; electronically stored information; tangible objects; information; and other things produced, provided, or disclosed in the course of this action which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to collectively as "Documents or Materials"), shall be subject to this Order as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.** A Party may designate Documents or Materials as confidential and restricted in disclosure under this Order by placing or affixing the words

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "CONFIDENTIAL") or "ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "ATTORNEYS EYES ONLY") on the Document or Material in a manner that will not interfere with the legibility of the Document or Material and that will permit complete removal of the designation if that removal subsequently becomes permissible and appropriate. Documents shall be designated prior to or at the time of the production or disclosure of the Documents or Materials. When a tangible object is produced for inspection subject to protection under this Order, a photograph thereof shall be produced at the time of inspection labeled with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY. Thereafter any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The Party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the Parties may agree temporarily to designate original Documents or Materials that are produced for inspection as CONFIDENTIAL or ATTORNEYS EYES ONLY even though the original Documents or Materials being produced have not themselves been so labeled.

3. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of Documents or Materials that are selected for copying during such an inspection shall be marked CONFIDENTIAL or ATTORNEYS EYES ONLY as required under this Order and thereafter the copies shall be subject to protection under this Order

in accordance with their designation. The designation of Documents or Materials for protection under this Order does not mean that it has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

**4. Documents or Materials Which May be Designated CONFIDENTIAL.** Any Party may designate Documents or Materials as CONFIDENTIAL upon making a good faith determination that the Documents or Materials contain information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, or such other sensitive commercial information that is not publicly available. Public records that are publicly available may not be designated for protection under this Order.

**5. Documents or Materials Which May be Designated ATTORNEY EYES ONLY.** Any Party may designate Documents or Materials as ATTORNEYS EYES ONLY upon making a good faith determination that the Documents or Materials contain information that, if disclosed to any other Party, would likely cause significant harm to the business or competitive position of the designating Party. Documents or Materials that are known to all Parties (except due to a violation of Bixler's Fair Competition Agreement) or that are publicly available may not be designated as Attorneys EYES ONLY under this Order.

**6. Depositions.** Deposition testimony shall be deemed CONFIDENTIAL or ATTORNEYS EYES ONLY if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit designated for protection under this Order. Thereafter, the deposition testimony and exhibits so designated shall be protected, pending objection, under the terms of this Order. By stipulation of all Parties, the Parties may agree temporarily to designate an entire deposition and the exhibits used therein for protection under this Order pending receipt and review

of the transcript. In such a circumstance, the Parties shall review the transcript within thirty days of the receipt thereof and specifically designate the testimony and exhibits that will be protected under this Order. Thereafter only the specifically designated testimony and exhibits shall be protected under the terms of this Order.

7. **Protection of Confidential Material.**

   a. **Protection of Documents Designated CONFIDENTIAL.** Documents designated CONFIDENTIAL under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Documents or Materials designated CONFIDENTIAL to any third person or entity except as set forth in subparagraphs (1)-(7). Subject to these requirements, the following categories of persons may be allowed to review Documents or Materials that have been designated CONFIDENTIAL:

      i. **Outside Counsel of Record.** Outside counsel of record for the Parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

      ii. **Parties.** Parties and employees of a Party to this Order.

      iii. **The Court.** The Court and its personnel.

      iv. **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions.

      v. **Persons Creating or Receiving Documents.** Any person who authored or recorded the designated Document or Material, and any person who has previously seen or was aware of the designated Document or Material.

vi. **Consultants, Investigators and Experts.** Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

vii. **Others by Consent.** Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

b. **Protection of Documents Designated ATTORNEY EYES ONLY.** Documents designated ATTORNEYS EYES ONLY under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof and, except as noted below, may not be disclosed to, or viewed by, any non-disclosing Party or any of its owners or employees. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Documents or Materials designated ATTORNEYS EYES ONLY to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review Documents or Materials that have been designated ATTORNEYS EYES ONLY, subject to the further restrictions set forth below.

i.   **Outside Counsel of Record.**  Outside counsel of record for the Parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

ii.  **The Court.**  The Court and its personnel.

iii. **Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions.

iv.  **Persons Creating or Receiving Documents.**  Any person who authored or recorded the designated Document or Material, and any person who has previously seen or was aware of the designated Document or Material.

v.   **Others by Consent.**  Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

c.  **Control of Documents.**  Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of Documents or Materials designated for protection under this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

d.  **Copies.**  All copies of Documents or Materials designated for protection under this Order, or any individual portion of such, shall be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY if the words do not already

appear on the copy. All such copies shall be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of designated Documents or Materials or otherwise disclose the substance of the designated Documents or Materials.

e. **Inadvertent Production.** Inadvertent production of a communication or information over which a claim of privilege or work product immunity is claimed, including without limitation a Document or Material bearing a designation of CONFIDENTIAL or ATTORNEYS EYES ONLY, shall be governed by Fed. R. Evid. 502. In addition, if a producing Party inadvertently produces or otherwise discloses to a receiving Party information that is subject to such privilege or immunity, the producing Party shall promptly upon discovery that privileged or work product information was produced or otherwise disclosed so advise the receiving Party in writing and request that the inadvertently produced or disclosed information be returned or destroyed and/or not used for any purpose. In turn, the receiving Party shall return or destroy all copies of the inadvertently produced material within five business days of receipt of the request, and the receiving Party shall not use or seek to use the material or information for any purpose, including without limitation attempting to introduce the same into evidence at trial or in connection with any motion. Any notes or summaries referring or relating to any inadvertently produced privileged material or information shall be destroyed. Nothing in this Protective Order shall preclude the receiving Party returning the

inadvertently produced material from seeking an order compelling the production of information previously produced inadvertently.

8. **Filing of CONFIDENTIAL or ATTORNEYS EYES ONLY Documents Under Seal.** The Court highly discourages the manual filing of any pleadings or other papers under seal. To the extent that a pleading or other paper references an exhibit designated for protection under this Order, then the pleading or other paper shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

   a. Before any exhibit designated for protection under this Order is filed under seal with the Clerk, the filing Party shall first consult with the Party that originally designated the Document or Material for protection under this Order to determine whether, with the consent of that Party, the exhibit or a redacted version of the exhibit may be filed with the Court not under seal.

   b. Where agreement is not possible or adequate, an exhibit designated for protection under this Order shall be filed electronically under seal in accordance with the electronic case filing procedures of this Court.

   c. Where filing electronically under seal is not possible or adequate, before an exhibit designated for protection under this Order is filed with the Clerk, it shall be placed in a sealed envelope marked CONFIDENTIAL or ATTORNEYS EYES ONLY, which envelope shall also display the case name, docket number, a designation of what the exhibit is, the name of the Party in whose behalf it is submitted, and the name of the attorney who has filed the exhibit on the front of the envelope. A copy of any exhibit filed under seal shall also be delivered to the judicial officer's chambers.

**d.** To the extent that it is necessary for a Party to discuss the contents of any Document or Material designated for protection under this Order in a pleading or other paper filed with this Court, then such portion of the pleading or other paper shall be filed under seal. In such circumstances, counsel shall prepare two versions of the pleading or other paper, a public and a sealed version. The public version shall contain a redaction of references to CONFIDENTIAL or ATTORNEYS EYES ONLY Documents or Materials. The sealed version shall be a full and complete version of the pleading or other paper and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading or other paper also shall be delivered to the judicial officer's chambers.

9. **Challenges by a Party to a Designation for Protection Under this Order.** Any CONFIDENTIAL or ATTORNEYS EYES ONLY designation is subject to challenge by any Party or non-party with standing to object (hereafter "Objecting Party"). Before filing any motions or objections to a designation for protection under this Order with the Court, the Objecting Party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL or ATTORNEYS EYES ONLY designation as to any Documents or Materials subject to the objection, the designating Party shall serve on all Parties a notice specifying the Documents or Materials and the nature of the agreement.

10. **Action by the Court.** Applications to the Court for an order relating to any Documents or Materials designated for protection under this Order shall be by motion under Local Rule 7.2 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a Party under this

Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any Documents or Materials produced or used in discovery or at trial.

11. **Use of Confidential Documents or Materials at Trial.**  Absent order of the Court, all trials are open to the public and there will be no restrictions on the use at trial of any Document or Material designated for protection under this Order. If a Party intends to present at trial Documents or Materials designated for protection under this Order, or information derived therefrom, such Party shall provide advance notice to the Party designating the Documents or Materials for protection under this Order at least five (5) days before the commencement of trial by identifying the Documents or Materials at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) Upon motion of the Party designating the Document or Material for protection under this Order, the Court may thereafter make such orders as are necessary to govern the use of such Documents or Materials at trial.

12. **Obligations on Conclusion of Litigation.**

    a. **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    b. **Return of Documents Designated for Protection Under this Order.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all Documents or Materials designated for protection under this Order, including copies as defined in ¶6(d), shall be returned to the producing Party unless: (1) the Document or Material has been offered into evidence or filed without restriction as

to disclosure; (2) the Parties agree to destruction in lieu of return; or (3) as to Documents or Materials bearing the notations, summations, or other mental impressions of the receiving Party, that Party elects to destroy the Documents or Materials and certifies to the producing Party that it has done so. Notwithstanding the above requirements to return or destroy Documents or Materials, counsel may retain copies of all pleadings, motions, orders, written discovery, and other papers filed with the Court or exchanged by the Parties even though they may contain Documents or Materials designated for protection under this Order. Counsel may also retain attorney work product, including an index which refers or relates to Documents or Materials designated for protection under this Order, so long as that work product does not duplicate verbatim substantial portions of the text or images of Documents or Materials designated for protection under this Order. This work product shall continue to be subject to the protections of this Order in accordance with the applicable designation. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use Documents or Materials designated for protection under this Order.

c. **Return of Documents Filed Under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the Parties or, after notice, destroy Documents or Materials filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

13. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a Party or any other person with standing concerning

the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.2 and the presiding judge's standing orders or other relevant orders.

14. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Documents or Materials designated for protection under this Order are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific Document or Material or issue.

15. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Order by its terms.

SO ORDERED:

_____1-3-20_____
DATE

_____Walter H. Rice_____
JUDGE WALTER H. RICE
U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO

**The Parties, by executing below, hereby move and agree to abide by the terms of this Order.**

ATTORNEYS FOR PLAINTIFF
AT&T CORP.

/s/ Joseph N. Cindric
Joseph N. Cindric (Trial Attorney) (0092624)
Thrasher Dinsmore & Dolan LPA
1111 Superior Avenue, Suite 412
Cleveland, OH 44114
(216) 255-5431 | (216) 255-5450 (fax)
jcindric@tddlaw.com


/s/ Troy A. Glander
Troy A. Glander (Texas Bar No. 00796634)
A Nava & Glander Law Firm
13409 NW Military Hwy. Ste. 300
(210) 787-5446 | (210) 240-0392 (fax)
TGlander@ANGlawfirm.com

ATTORNEYS FOR DEFENDANT J&J
SCHLAEGEL, INC.

/s/ Kaitlin L. Madigan (per email consent)
Steven G. Carlino (0073734)
Kaitlin L. Madigan (0087891)
Weston Hurd, LLP
10 West Broad Street, Suite 2400
Columbus, OH 43215
(614) 280-0200 | (614) 280-0204 (Fax)
scarlino@westonhurd.com
kmadigan@westonhurd.com

# APPENDIX A

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION, DAYTON

| | |
|---|---|
| AT&T CORP, a New York Corporation, | ) CASE NO. 3:19-CV-00192 |
| | ) |
| Plaintiff, | ) |
| | ) JUDGE RICE |
| v. | ) |
| | ) |
| J & J SCHLAEGEL, INC. | ) |
| | ) |
| Defendant. | ) |

## ACKNOWLEDGMENT OF UNDERSTANDING AND
## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare that:

1.  My address is _____.

    My current employer is _____.

    My current occupation is _____.

2.  I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.  I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL–RESTRICTED SOURCE CODE" that is disclosed to me.

4.  Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY or "HIGHLY CONFIDENTIAL–RESTRICTED SOURCE CODE" that came into my

possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


**Signature** _____

**Printed Name** _____

**Date** _____