IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| AT&T CORPORATION, etc., | : | |
| Plaintiff, | | |
| | : | Case No. 3:19-cv-192 |
| v. | | JUDGE WALTER H. RICE |
| | : | |
| J&J SCHLAEGEL, INC., | | |
| Defendant. | | |

DECISION AND ENTRY OVERRULING DEFENDANT J&J SCHLAEGEL, INC.'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 16(f) (DOC. #48) AND PLAINTIFF AT&T CORPORATION'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11(DOC. #50)

Defendant, J & J Schlaegel, Inc., ("Schlaegel" or "Defendant"), has filed a Motion for Sanctions Pursuant to Fed. R. Civ. P. 16(f), Doc. #48. Defendant asserts that sanctions are warranted against Plaintiff as a result of its failure to participate meaningfully in the September 1, 2020, mediation conducted by Magistrate Judge Michael J. Newman.[1] Plaintiff, AT&T Corporation, ("AT&T" or "Plaintiff"), has filed a response to Defendant's motion and a Motion for Sanctions Pursuant to

---

[1] Since the filing of Defendant's motion, Magistrate Judge Michael J. Newman is now a District Court Judge for the United States District Court for the Southern District of Ohio. For purposes of this motion, however, the Court will refer to him in his then capacity as Magistrate Judge Newman.

Fed. R. Civ. P. 11, Doc. #50.  AT&T contends that Schlaegels's motion for sanctions is in violation of Fed. R. Civ. P. 11.

I. **Background Facts**

On July 31, 2017, Schlaegel, an excavator located in Urbana, Ohio, performed excavation work for a government road widening project known as the Bale Kenyon Road Project.  Plaintiff alleges that during this excavation work, Schlaegel negligently struck and damaged AT&T's underground facilities, including fiber-optic cable.  These damages also allegedly caused a disruption of services to Plaintiff's customers.  Doc. #47, PAGEID#2467.  AT&T's Complaint alleged that Schlaegel caused over $113,833.92 in damages plus interest, costs and attorney fees. *Id.*, PAGEID#2472.

Discovery was conducted and on April 7, 2020, Schlaegel filed a Motion for Summary Judgment, Doc. #30, and on May 14, 2020, AT&T filed a Motion for Summary Judgment as to Liability, Doc. # 37.  On July 9, 2020, a telephone status conference was held with the Court.  During this conference, the parties agreed to participate in a mediation, an alternative dispute resolution ("ADR") proceeding, with a magistrate judge acting as the neutral.[2]  A mediation date of September 1, 2020, was later scheduled with Magistrate Judge Newman acting as the mediator.

---

[2] The ADR process is a settlement proceeding conducted without Court involvement. Mediations, one of several types of ADR proceedings, require the participation of a trained neutral to facilitate settlement discussions between the parties and counsel. In the Southern District of Ohio, both district court judges and magistrate judges frequently act as the neutral in Court authorized mediations.

During a telephone status conference held on August 26, 2020, the Court orally overruled both Defendant's motion for summary judgment and Plaintiff's motion for summary judgment as to liability.

On August 26, 2020, an Amended Complaint was filed increasing damages to $171,737.80. A pre-mediation status conference was held with the magistrate judge on August 27, 2020. On September 1, 2020, the docket states that the case came before Magistrate Judge Newman for mediation and that "[T]he case did not settle." One week later, Plaintiff filed its motion for sanctions pursuant to Fed. R. Civ. P. 16(f). On September 17, 2020, Defendant responded and filed its motion for sanctions pursuant to Rule 11.

## II. Legal Analysis

### A. Schlaegel's Motion for Sanctions Pursuant to Fed. R. Civ. P. 16(f), Doc. #48

Defendant seeks attorney fees and costs in preparing for and attending the September 1, 2020, mediation. It argues that sanctions should be awarded pursuant to Fed. Civ. R. 16(f) and the Court's Mediation Order of August 5, 2020, since Plaintiff failed to engage in good faith negotiations at the mediation. Defendant asserts that "[T]he five hours spent in mediation with Plaintiff were unproductive where Plaintiff entirely refused [to] participate in negotiations." Doc. #48, PageID#2476. According to Schlaegel

> [n]egotiations opened by Plaintiff refusing to make an opening offer, therefore J&J made the first offer. Plaintiff refused to

3

> respond. . . Indeed, Plaintiff failed to make any response or demand during the entire mediation. . . the Magistrate Judge [then] made a mediator's proposal that was above the actual damages incurred by Plaintiff in the case, and above J&J's worst day at trial. The mediator's proposal was made after J&J asked the Magistrate Judge to remind Plaintiff of possible sanctions under Fed. Civ. R. 16(f) and the Mediation Order. With the threat of sanctions pending, Plaintiff accepted the mediator's proposal, but, since trial damages were less than the [mediator's] proposal, J&J could not. The parties therefore ended the mediation.

*Id*.

In response to Defendant's motion, Plaintiff asserts that it complied with the Mediation Order by engaging in pre-mediation negotiations and extending a settlement demand to Defendant on August 17, 2020.  AT&T states that Schlaegel made a counter-offer prior to the mediation and that AT&T responded.  Because of these pre-mediation negotiations, AT&T argues that Defendant was expected to make the first offer at the mediation and failed to do so. Finally, Plaintiff contends that because it accepted the mediator's proposal and Schlaegel did not, this shows that Plaintiff participated in good faith at the mediation and Defendant did not.

Fed. Civ. R. 16(f) permits the Court to award sanctions if it determines that "a party or attorney: . . . (B) is substantially unprepared to participate – or does not participate in good faith – in the conference; or (C) fails to obey a scheduling or other pretrial order." The Court's Mediation Order states that it "expects" that participants will engage "in settlement negotiations in good faith" and that failing to do so raises the possibility of sanctions under Rule 16(f) and the ADR process as set forth in S.D. Ohio Civ. R. 16.3. Doc. #46.  To make a determination of

4

whether a party has negotiated in good faith, however, the Court must examine the facts surrounding the conduct of the parties and counsel at the mediation. In this case, Defendant has not provided the Court with sufficient evidence to show that there was a lack of good faith in negotiations at the mediation.

Pursuant to Fed. R. Evid. 408 and other applicable privileges, settlement negotiations conducted under the authority of this Court are confidential. S.D. Ohio Civ. R. 16.3 (c)(1). If not prohibited by law or court order, disclosure of confidential communication following an actual or attempted ADR proceeding is permitted only in certain limited situations. S.D. Ohio Civ. R. 16.3 (c)(3). The limited situations permitting disclosure include communication (1) from neutrals, S.D. Ohio Civ. R. 16.3 (c)(3)(A) and (2) from the participants if all parties, counsel and neutrals consent in writing to the disclosure, S.D. Ohio Civ. R. 16.3 (c)(3)(B). Additionally, disclosure is permitted if a judge assigned to the case determines that such disclosure is needed in connection with possible sanctions for misconduct relating to the ADR proceeding. S.D. Ohio Civ. R. 16.3 (c)(3)(C).[3]

---

[3] Disclosure is also permitted if "[T]he Judge who would otherwise enter judgment in the case or, in the event of the unavailability of that Judge, the Chief District Judge, conducts an in camera hearing or comparable proceeding and determines that evidence of the content of the communication is not otherwise available and that there is a compelling need for the evidence that substantially outweighs the policy favoring confidentiality and determines any of the following: (i) that the evidence will be used to establish or disprove a claim of criminal or professional misconduct or malpractice made against a neutral, counsel, or party relating to the ADR proceeding; (ii) that the evidence will be used in a proceeding in which fraud, duress, or incapacity is at issue regarding the validity or enforceability of an agreement reached during the ADR proceeding; or (iii) that maintaining the confidentiality of the communication will pose a significant threat to public health or safety; or (E) otherwise required by law. S.D. Ohio Civ. R. 16.3 (c)(3)(D).

Although both parties state in their pleadings that they waive confidentiality, neither has complied with the relevant provision of S.D. Ohio Civ. R. 16.3(c)(3)(B) requiring the written consent of all mediation participants and the neutral to disclose confidential information.  Additionally, pursuant to S.D. Ohio Civ. R. 16.3 (c) (3)(A)(iii), a neutral, following a mediation, is permitted to disclose to the Court "information about the parties' conduct if the neutral concludes that a party did not participate in good faith in the ADR proceeding or otherwise violated a court order or Disciplinary Rule related to the proceeding."  No such information has been provided to the Court by the magistrate judge.  Based on the lack of any evidence before the Court and the magistrate judge's failure to indicate a lack of good faith at the mediation, the Court cannot determine that disclosure is needed in connection with possible sanctions for misconduct relating to the ADR proceeding.

Accordingly, because the facts as asserted by the parties are disputed and because Defendant has not provided sufficient evidence of Plaintiff's lack of good faith in settlement negotiations, Defendant's Motion for Sanctions, Doc. #48, is overruled.

---

The Court does not find that an "*in camera* hearing or comparable proceeding" is required in this case.

**B.  AT&&'s Motion for Sanctions Pursuant to Fed. R. Civ. R. 11, Doc. #50**

Under Rule 11 of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." The signature also acts as a certification "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading, written motion, or other paper complies with four requirements.

>  (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>  (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>  (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>  (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

The Supreme Court has observed that "the central purpose of Rule 11 is to deter baseless filings in district court and thus, consistent with the Rules Enabling Act's grant of authority, streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). "Although the Rule must be read in light of concerns that it will spawn satellite litigation and chill vigorous advocacy, [ ] any interpretation

must give effect to the Rule's central goal of deterrence." *Id*. The test for whether a Rule 11 violation warrants sanctions is "whether the attorney's conduct was reasonable under the circumstances." *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir.1997). "In determining whether a violation of Rule 11 has occurred, the district court is not to use the benefit of hindsight but 'should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted.'" *McGhee v. Sanilac Cnty.*, 934 F.2d 89, 93 (6th Cir.1991) (quoting *INVST Fin. Group, Inc. v. Chem—Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir.1987)).

Plaintiff contends that Defendant's motion was presented "to harass, cause unnecessary delay, or needlessly increase the cost of litigation" in violation of Rule 11(b)(1), is not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," in violation of Rule 11(b)(2) and has no evidentiary support, in violation of Rule 11(b)(3). It argues that Schlaegel's motion for sanctions, Doc. #48, is based on "the blatantly false allegation that AT&T refused to attend and participate in the mediation in good faith,"[4] and states that Schlaegel's motion is "patently false," is based on "numerous patently false statements," "is grounded entirely on misrepresentations" and "was brought in bad faith consistent with the approach of [Schlaegel] since receiving the claim." In response, Schlaegel argues that

---

[4] Defendant asserted that Plaintiff failed to negotiate in good faith but did not contend that Plaintiff did not "attend" the mediation.

8

sanctions under Rule 11 are not warranted because its motion for sanctions under Rule 16(f) is warranted and because Plaintiff failed to comply with the safe-harbor provision in Fed. R. Civ. P. 11(c)(2).

As explained earlier in this Decision and Entry, there is insufficient evidence before the Court to find that Plaintiff should be sanctioned for failing to negotiate in good faith at the Court-authorized mediation. This finding, however, does not equate to a determination that Rule 11 sanctions are appropriate. Additionally, the Court finds that Rule 11 is not appropriate given Defendant's failure to comply with the safe harbor provision.

The safe-harbor provision states that a Rule 11 "motion must be *served* under Rule 5" at least twenty-one days before filing. Fed. R. Civ. P. (c)(2) (emphasis added). Recognizing that if failed to comply with the safe harbor provision, AT&T asserts that its Rule 11 motion should be granted since this can be satisfied if Defendant "does not, within 21 days of the filing of the [Rule 11] Motion" withdraw its motion for sanctions. Plaintiff's argument is without merit.

The Sixth Circuit strictly enforces the safe-harbor provision. In *Ridder*, 109 F.3d at 296, the Court, quoting former Fed. R. Civ. P. 11(c)(1)(A), stated that "[T]he rule is unquestionably explicit ... that unless a movant has complied with the twenty-one day 'safe harbor' service, the motion for sanctions 'shall not be filed with or presented to the court.'" Likewise, in *Penn, LLC v. Prosper Business Development Corp.*, 773 F.3d 764 (6th Cir 2014), the Court, affirming *Ridder*,

9

strictly enforced the safe-harbor requirement holding that an informal warning letter, as opposed to service of a motion, did not suffice.

> Furthermore, important policy considerations counsel against the Arnold Firm's more permissive reading. We previously commented that '[t]he inclusion of a 'safe harbor' provision is expected to reduce Rule 11's volume, formalize appropriate due process considerations of sanctions litigation, and diminish the rule's chilling effect.' *Ridder*, 109 F.3d at 294. Similarly, the Advisory Committee reasons that 'the 'safe harbor' period begins to run only upon service of the motion' in order '[t]o stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule.' Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments).

*Id.*, at 767.

Accordingly, Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11, Doc. #50, is overruled.

### III. Conclusion

For the reasons set forth above, Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 16(f), Doc. #48, and Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11, Doc. #50, are OVERRULED.

Date: December 18, 2020    *Walter H. Rice*   (tp - per Judge Rice authorization after his review)
　　　　　　　　　　　　　　WALTER H. RICE
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE